BEN. MONROE'S REPORTS.

HARRIS, &c.
vs.
RUCKER, &c.

---

CHANCERY.

Case 44.

January 28.

## Harris, &c. *vs.* Rucker, &c.

### ERROR TO MERCER CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

1. The chancellor will not permit a trust to fail for want of a trustee. If the executor refuse to qualify and the county court fail to appoint a trustee in accordance with power given by the will, the chancellor will appoint a trustee.

2. Trustee appointed by the chancellor derives his power from the chancellor, and not from the will, and can only execute the trust so far as directed by the power which appointed him.

The executors appointed by David Jones in his last will and testament having refused to undertake the execution of the trust created by the will, that trust can be executed either in the manner prescribed by the will itself, or by a court of equity, through a trustee appointed by it, and invested with the powers necessary for the purpose. In the first case the power is derived from the will itself; in the last it is conferred by the court alone, and may be either for an entire or partial execution of the trust.

The will confers the power and the right to execute it upon the executors, or such of them as may qualify, and upon their death or refusal to act, then upon the person or persons who may be appointed from

time to time by the *court* in which the will may be admitted to *probate*. The executors of the will, and the appointee of the *probate court*, who would be the administrator with the will annexed, are the persons who derive the power to execute the trust from the will itself.

But as it is a settled principle in a court of equity that a trust shall never fail for the want of a proper trustee, but the court will have the trust upheld and executed, if the trustee refuses to accept it; and as in this case the trust was declined by the executors, and no person was appointed by the *probate court* upon whom it could devolve, a court of equity had a right to supply the want, by taking upon itself the due execution of the trust.

Inasmuch, however, as the court itself, in such a case, executes the trust, a trustee appointed by it derives his power, not from the will, but from the court that appoints him, and can only execute the trust so far as he has been authorized and empowered by the court to do it. In this case, Rucker was appointed by the court trustee for his wife and children. The order of his appointment neither authorized nor directed him to sell any part of the trust property, nor did it invest him with the same powers that were conferred upon the executors of the will. He was merely constituted trustee to hold the property for the benefit of his wife and children, and the order appointing him shows that no other power was intended to be conferred upon him. As he derives his power from the court, he cannot make a sale of the property unless the court expressly authorizes him to do it, and then it would be the act of the court, through him as its agent and trustee. Had the court designed to invest him with the same powers that the testator had conferred upon the executors, it could only have done it by an order expressing fully the nature and extent of the power with which he was to be invested; and even then the court should have required him, if he made sale of the property, to make it sub-

HARRIS, &c.
*vs.*
RUCKER, &c.

1. The chancellor will not permit a trust to fail for want of a trustee. If the executor refuse to qualify, and the county court fail to appoint a trustee in accordance with power given by the will, the chancellor will appoint a trustee.

2. Trustee appointed by the chancellor derives his power from the chancellor, and not from the will, and can only execute the trust so far as directed by the power which appointed him.

HARRIS, &c.
vs.
RUCKER, &c.

ject to the confirmation of the court, so that it would still have retained full power over the subject, to approve or disapprove of the sale, and to control the purchase money and have it appropriated according to the intention and directions of the testator. It is clear, therefore, that the trustee had no power to make sale of the tract of land that he held in trust; which conclusion is the necessary result of the incontrovertible fact that he derived all his power from the court that appointed him trustee, and not from the will. Wherefore the decree of the court below, vacating the sale made by the trustee to the plaintiffs in error, is affirmed.

*Taylor* and *Ballinger*, for plaintiffs; *Thompson* and *Harlan*, for defendants.